Henderson Judge.-
 

 As it does not appear upon the record, whether the Jury found, that tile Defendant’s
 
 *320
 
 fpstafop did not promise, op that she had promised, and sa,'sfifd the demand by the. legacy, we. must necessarily examine, if the evidence of satisfaction was properly re-cc¡ ve¿¡. There can be no doubt, that the evidence of the legacy, if objected ro, was improperly received. As a bar, or as a full defence, it should have been pleaded, since tiic last continuance. But without such a plea, it was proper to lessen the damages ; and if in full of the demand, the Plaintiff would have been entitled to nominal damages, only as upon a default.
 
 (Holland v. Jourdine,
 
 3
 
 Ser.
 
 &
 
 Low.
 
 5.) Indeed it is the general doctrine, <i»at in
 
 assumpsit,
 
 payment or satisfaction, since plea pleaded, may be given in evidence, under the general issue, in mitigation of damages, without resorting to a plea since the last continuance, which if sustained» bars the action entirely. Should1 we grant a new trial, it would be only because the Plaintiff got nothing, when he was entitled to one cent; and that too, not upon the merits,.but from a mere omission in pleading. The Defendant did not neglect to plead since the last continuance from design ; for since our act declaring that plea to be no waiver of those originally entered, he could have no moti'-e in this design.
 

 But there is another ground, upon which there can be no doubt. The objection, if made, was upon a mere matter of form. It w as not made, until after as full atrial was had, as if that form had been complied wilh. Had the Plaintiff succeeded, the trial would have availed him, as muchas if the necessary forms had been observed. After having one fair chance, by his own consent, he now wishes for another. If he- were indulged, it would be too strong an inducement for parties to hold back ; and if unsuccessful, take another chance. I wish to be understood, not, to refuse the new trial, because
 
 justice has been dove,
 
 that is, justice
 
 in violation of the law,
 
 but for the reasons in law, above, mentioned
 

 Per Curiam. — Judgment affirmed.